UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JAMES E. MILLER, )<br>)<br>Defendant. ) | Case No. 06-CR-20080 |

OPINION

This case is before the court for ruling on Defendant's pro se Motion for Equitable Tolling of Title 28 U.S.C. § 2255 Proceeding (#31). In his Motion (#31), Defendant, James E. Miller, is seeking an order from this court equitably tolling the time to file a Motion under 28 U.S.C. § 2255.[1] Defendant now asks this court to order that he be given until November 20, 2008, to file his § 2255 petition and the court order his former defense attorney, John Taylor, to produce a photocopy of the discovery materials turned over by the Government during plea negotiations. Defendant states that his claim centers around ineffective assistance of counsel at various stages of representation, most notably "his attorney's failure to disclose the fact that a mandatory minimum sentence existed in his case." Because this court concludes that it does not have the authority to grant this relief, Defendant's Motion (#31) is DENIED.

---

[1] Defendant filed a Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (#29) on July 15, 2008. This court appointed the Federal Defender's office to represent Defendant on that same day. No further motion has yet been filed by the Federal Defenders in that case.

ANALYSIS

This court concludes that Defendant is essentially requesting an extension of time in which to file his Motion under 28 U.S.C. § 2255, based upon his trial counsel's failure to provide him with discovery materials turned over to him by the Government during plea negotiations. This court concludes that it has no authority to extend the time permitted for filing a § 2255 motion.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitations applies to motions filed under § 2255. 28 U.S.C. § 2255(f). The United States Supreme Court has recently stated that "Congress enacted AEDPA to advance the finality of criminal convictions." Mayle v. Felix, 545 U.S. 644, 662 (2005). "To that end, it adopted a tight time line, a one-year limitations period ordinarily running from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" Mayle, 545 U.S. at 662, quoting 28 U.S.C. § 2244(d)(1)(A). The Supreme Court therefore held that a timely filed habeas petition cannot be amended to add new, unrelated claims after the AEDPA's one-year limitation period has run. Mayle, 545 U.S. at 662-64; see also Jackson v. United States, 2007 WL 1062923, at *2-3 (C.D. Ill. 2007) (applying Mayle to a request to amend a Motion under § 2555).

Other courts have determined, based upon similar reasoning, that a district court does not have the authority to extend the deadline for filing a Motion under § 2255 except for those instances which Congress expressly authorized. See Paschal v. United States, 2003 WL 21000361, at *2 (N.D. Ill. 2003) (citing cases). The court in Green v. United States, 260 F.3d 78 (2nd Cir. 2001) stated that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." Green, 260

F.3d at 82-83.

In this case, Defendant has not yet filed a Motion under § 2255, only a § 3582(c)(2) motion for reduction of sentence (#29), nor does his motion contain allegations which would support a claim for relief under § 2255. See Green, 260 F.3d at 83-84. Defendant has simply made vague assertions regarding defense counsel's failure to challenge the warrant used to search his house and that defense counsel was ineffective for failing to inform him of the mandatory minimum sentence available during plea negotiations. In addition, Defendant has not shown that there are any "rare and exceptional" circumstances which would warrant equitably tolling the limitations period. See Paschal, 2003 WL 21000361, at *3. Defendant has not demonstrated why he was prevented from filing a timely Motion under § 2255.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Equitable Tolling of Title 28 U.S.C. § 2255 Proceeding (#31) is DENIED.

ENTERED this 9th day of October, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE